# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

PRESTON KENT LONG, )
ET AL., )
 )
       Plaintiffs, )
vs. ) NO. CIV-12-0957-HE
 )
HCA HEALTH SERVICES, INC., )
ET AL., )
 )
       Defendants. )

## ORDER

Plaintiffs Preston and Simona Long, individually and as next friend of S.L, a minor, originally filed this lawsuit in Oklahoma state court. The case was subsequently removed to this court. Defendants Chief Ed Welch, Captain Terry Schofield, and Officer Andrew Fulmer–all current or former employees of the University of Oklahoma Health Sciences Center Police Department (collectively "OUPD" defendants)–and the State of Oklahoma *ex rel*. The Board of Regents of the University of Oklahoma ("University") moved to dismiss the claims asserted against them in plaintiffs' amended complaint under Fed. R. Civ. P. 12(b)(1) and (6).[1]

Rule12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and construed in the light

---

[1] *The OUPD defendants also moved to strike plaintiffs' amended complaint because it was filed without being signed by plaintiffs' counsel. However, as plaintiffs subsequently re-filed the amended complaint with their counsel's signature, defendants' motion [Doc. # 24] will be stricken as moot.*

most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). Unsupported, conclusory allegations, however, need not be accepted as true. *See* Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiffs' amended complaint asserts seven different claims against these defendants: (1) deliberate indifference claims against the University, Welch, and Schofield; (2) an excessive force claim against Fulmer; (3) an intentional infliction of emotional distress claim against Fulmer; (4) a negligent infliction of emotional distress claim against Fulmer; (5) a loss of spousal consortium claim against all defendants; (6) a loss of parental consortium claim against all defendants; and (7) punitive damages against Fulmer. Defendants contend that the claims are precluded by sovereign and qualified immunity, that the claims fail the Twombly pleading standards, and that the state law claims fail for failure to comply with state law exhaustion requirements or because they are derivative claims.[2]

(A) Section 1983 claims against the University and OUPD officers in their official capacities

Plaintiffs' deliberate indifference and excessive force claims against the University and the OUPD officers are brought pursuant to 42 U.S.C. § 1983. Defendants contend that the University, as an arm of the State of Oklahoma, and its employees (the OUPD

---

[2]*Defendants also moved to dismiss on the basis of Rule 12(b)(5) for failure to properly effect service. However, in their reply, defendants conceded that service has been effected, rendering that defense moot.*

2

defendants, if sued in their official capacities) are entitled to sovereign immunity under the Eleventh Amendment from plaintiffs' § 1983 claims. Defendants further assert that the State has not waived its immunity by statute, citing 51 Okla. Stat. § 152.1(B), nor has Congress abrogated such immunity through the enactment of § 1983, *see, e.g.,* Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002).

Plaintiffs claim that defendants waived their sovereign immunity by removing the action to federal court, citing Estes v. Wyo. Dep't of Transp., 302 F.3d 1200, 1204 (10th Cir. 2002), which recognized that "a State waives its sovereign immunity to suit in a federal court when it removes a case from state court" and extended this principle to federal claims. *See also* Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 619-20 (2002). Defendants assert that the OUPD officers removed the case, rather than the University, so the State did not effectuate a waiver in this manner.³ This would not change the analysis if the University had consented to removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). However, at the time of removal by the OUPD officers, the University had not yet been served with the petition, so it was not "properly joined and served," and, therefore, could not have consented to removal.

---

³*It is not clear that the plaintiffs' removed petition attempted to sue the OUPD officers in their official capacities, such that their removal might potentially alter the current analysis, and plaintiffs' Amended Complaint ostensibly sues these defendants in their individual capacities. Even if that removal somehow constituted a waiver by the State, the discussion, supra, establishes that the § 1983 claims cannot proceed against the University or OUPD defendants in their official capacities.*

*Id*. The State did not waive its sovereign immunity by removal of this action, and is entitled to immunity from the § 1983 claim asserted against it.

However, plaintiffs' § 1983 claims against the state and the officers in their official capacities (to the extent such claims are raised) fail for another reason, which plaintiffs did not address in their response. Section 1983 provides a cause of action for the deprivation of rights by a "person" acting under color of state law. 42 U.S.C. § 1983; McLaughlin v. Bd. of Trs. of State Colls. of Colo., 215 F.3d 1168, 1172 (10th Cir. 2000). A state and its officers sued in their official capacities for damages are not "persons" for purposes of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); McLaughlin, 215 F.3d at 1172 ("'[A] governmental entity that is an arm of the state for Eleventh Amendment purposes' is not a 'person' for section 1983 purposes." (citation omitted)). Because plaintiffs fail to state a § 1983 claim against the University or the OUPD defendants in their official capacities, those claims will be dismissed.

(B) Section 1983 claims against the OUPD officers in their individual capacities

(1) Claims against Chief Welch and Captain Schofield

Plaintiffs allege that Chief Welch and Captain Schofield should be held individually liable for their failure to adequately train defendant Officer Fulmer. Plaintiffs base their entire claim on inferences to be drawn from the incident in which Officer Fulmer arrested plaintiff Preston Long. In fact, plaintiffs state in their response that "the only evidence of any such policy or training is the demonstrative evidence of Defendant Officer Fulmer's actions on the day in question" [Doc. #33 at 7]. Plaintiffs contend these defendants were deliberately

4

indifferent to the need for proper training, allegedly depriving them of rights actionable under § 1983.

The Supreme Court has held "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). To prevail on such a claim, the plaintiffs "must first prove the training was in fact inadequate." Carr v. Castle, 337 F.3d 1221, 1228 (10th Cir. 2003) (citations omitted). They then must satisfy the following requirements:

> (1) the officers exceeded constitutional limitations on the use of force; (2) the use of force arose under circumstances that constitute a usual and recurring situations with which police officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the party of the city toward persons with whom the police officers come into contact, and (4) there is a direct causal link between the constitutional deprivation and the inadequate training.

*Id*. A finding of "deliberate indifference" in this situation requires a showing that "the need for more or different training is *so obvious*, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton, 489 U.S. at 390 (emphasis added). However, the Court has cautioned that the fact "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Id*. at 390-91 (citations omitted). Further, the Court emphasized that "adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the

5

legal basis for holding the city liable." *Id*.

Considering all of the well-pleaded factual allegations in the Amended Complaint as true and in the light most favorable to plaintiffs, the court concludes that plaintiffs have failed to state a plausible claim against these supervisory officers in their individual capacities. Plaintiffs allege the training was inadequate only because Officer Fulmer acted as he did. The allegations do not rise to the level of stating a claim that "the need for more or different training is so obvious" that Chief Welch and Captain Schofield can reasonably be said to be deliberately indifferent to that need. *Id*. Further, "a single incident of excessive force can establish the existence of an inadequate training program if there is some other evidence of the program's inadequacy." Brown v. Gray, 227 F.3d 1278, 1286 (10th Cir. 2000). Even assuming the force used against plaintiff was excessive, plaintiffs have presented no factual allegation other than the single incident sufficient to plausibly establish the existence of an inadequate training program. Plaintiffs fail to state a claim against the supervisory officers in their individual capacities, and that claim will be dismissed.[4]

(2) Claims against Officer Fulmer

Plaintiffs claim that Officer Fulmer violated Preston Long's constitutional right to be free from an unreasonable seizure based on a claim that the officer exerted excessive force in arresting plaintiff. Defendant seeks dismissal on the basis of qualified immunity. "In

---

[4]*In their response, plaintiffs attempted to alter the basis of their failure to train claim by focusing on training required "in the heightened environment of a hospital," and how to deal with persons in "such sensitive situations" [Doc. #33 at 7]. As defendants point out, plaintiffs did not make these assertions in their amended complaint. However, such allegations still fall short of the deliberate indifference standard outlined above.*

6

resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011) (citation omitted). Therefore, at this stage of litigation, the court is obliged to accept plaintiffs' well-pleaded factual allegations as true and determine whether Officer Fulmer is entitled to qualified immunity in light of those allegations.

In their motion, defendants assert that Officer Fulmer is entitled to qualified immunity because plaintiffs failed to plead "any facts to suggest that Officer Fulmer's conduct was *knowingly* unlawful" [Doc. #29 at 20 (emphasis added)]. However, as pointed out by plaintiffs, the "question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Morris v. Noe, 672 F.3d 1185, 1195 (10th Cir. 2012) (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)). Applying this standard, the court concludes qualified immunity is not a basis for dismissal in the present circumstances.

In resolving the first step in the qualified immunity analysis—whether plaintiff has alleged an excessive force constitutional violation—courts consider and balance three factors: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to flee." *Id*. (citing Graham, 490 U.S. at 396).

Here, plaintiffs allege that Preston Long got into a disagreement with the cafeteria

7

manager at HCA and that the manager requested assistance from the OUPD as a result. Plaintiffs allege Officer Fulmer and another officer came to the scene and that Officer Fulmer proceeded to place plaintiff under arrest for what were at most misdemeanor offenses. Plaintiffs allege that Preston Long "protested and pulled away, asserting again that he had committed no crime" [Doc. #30 at 4]. Then, according to the facts alleged in the Amended Complaint, "[Officer] Fulmer . . . tackled Plaintiff Long to the ground leveraging against Plaintiff, P. Long's, left arm to the point of separation in the shoulder." *Id*.

Taking these allegations as true, the first Graham factor weighs slightly in plaintiff's favor, as he was being arrested for a nonviolent misdemeanor. *Cf*. Morris, 672 F.3d at 1195 (holding that the first factor weighed "slightly" in the defendant officer's favor, even though the plaintiff was arrested only for a misdemeanor assault, in light of the fact that "[a] forceful takedown or 'throw down' may very well be appropriate in arrests or detentions for assault, especially if the officer is trying to prevent an assault"). There are no allegations that plaintiff posed any threat to the safety of the officers or others, so the second factor also weighs in favor of plaintiff. Finally, the third factor weighs slightly in Officer Fulmer's favor, as plaintiff alleges he "protested and pulled away;" however, in the light most favorable to plaintiff, plaintiff has alleged only minimal resistance. On the other hand, the amount of force allegedly used by Officer Fulmer was considerable. Although it may well be that the development of the facts of this incident will reveal otherwise, for the purposes of this motion, plaintiffs have pled enough to plausibly indicate that the amount of force used by Officer Fulmer was not objectively reasonable in light of the facts and circumstances

8

confronting him.

The second step of the qualified immunity analysis involves whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 1196 (quoting Saucier v. Katz, 533 U.S. 194, 202 (2001)). The inquiry is not whether the general right to be free from excessive force is clearly established—which it is—but whether plaintiff Preston Long had a clearly established right under the particular facts of this case. *Id*. Generally, to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or it must be supported by the clearly established weight of authority from other courts. *Id*. However, the Tenth Circuit has emphasized that in the context of excessive force claims, "there will almost never be a previously published opinion involving exactly the same circumstances." *Id*. (citation omitted). Therefore, the Tenth Circuit uses a sliding scale that weighs the egregiousness of the conduct in light of prevailing constitutional principles, holding that "if the force is clearly unjustified based on the Graham factors," courts can conclude a constitutional right was clearly established. *Id*. at 1196-98.

In Morris, the Tenth Circuit held that it had found no cases involving the type of force in that case—"a forceful takedown that by itself caused serious injury"—but that in light of the Graham factors, it was clearly established that a forceful takedown was not justified against a nonviolent misdemeanant who was not actively resisting. *Id*. at 1197-98; *see also* Casey v. City of Fed. Heights, 509 F.3d 1278, 1280, 1282-84 (10th Cir. 2007) (holding that an excessive force violation was clearly established under the Graham factors in a situation

9

where an officer "jumped on" a nonviolent misdemeanant after he moved his arm and started to walk away from the officer's arm-lock where he was moving toward the courthouse). Similarly, it is plausible, in light of the facts alleged here, that plaintiff's right to be free from a forceful takedown in this situation, even where he exercised some resistance,[5] was clearly established under Graham.

In short, plaintiff has plausibly alleged a violation of his constitutional right to be free from excessive force and has plausibly stated a basis for denying Officer Fulmer qualified immunity at this stage. While plaintiff's own description of the circumstances suggests a less than compelling case against Officer Fulmer, the court is obliged at this stage of the proceeding to draw factual inferences from the pleadings in plaintiff's favor. Doing so, the court concludes plaintiff's submissions are sufficient to create a factual dispute as to the reasonableness of the officer's conduct, precluding, at this point, judgment for Fulmer based on qualified immunity.

(C) State law claims

Defendants initially moved to dismiss plaintiffs' state law tort claims for failure to exhaust administrative remedies and timely file suit under the Oklahoma Governmental Tort Claims Act, 51 Okla. Stat. § 151 *et seq*. However, plaintiffs responded that they never intended to assert separate intentional infliction of emotional distress and negligent infliction of emotional distress claims, but rather intended them to be issues of damages under the §

---

[5]*Clearly, the amount of resistance actually exercised could change this analysis. At this point, all the court can rely on is the pleading that states that plaintiff "pulled away."*

1983 claims.[6] Those claims will be dismissed.

Defendants contend the same applies to plaintiffs' state law consortium claims. To the extent plaintiffs pled these claims as separate state law claims, plaintiffs have already conceded those fail and they will be dismissed. In their response, plaintiffs instead assert that these claims "rise from the allegations of the section 1983 claim" [Doc. #33 at 12]. However, in that context, the claims also fail because it is a "well-settled principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990) (citation omitted); *see also* Winton v. Bd. of Comm'rs of Tulsa Cnty., Okla., 88 F. Supp. 2d 1247, 1254-56 (N.D. Okla. 2000) (holding that a plaintiff could not succeed on her loss of consortium claim–purportedly brought under § 1983–because she relied only on the loss of her husband's constitutional rights, rather than her own); Sumpter v. Albrecht, No. 10-CV-00580-WYD-MJW, 2011 WL 940901, at *5 n.4 (D. Colo. Mar. 16, 2011) ("To the extent that Plaintiffs contend that a loss of consortium claim is a federal claim brought under 42 U.S.C. § 1983, this argument is contrary to law and is summarily rejected.").

Simona Long and S.L. have not alleged a violation of their own constitutional rights, but rely solely on the purported violation of Preston Long's constitutional rights. Accordingly, their consortium claims will be dismissed.

---

[6]*Whether that was the case or not, plaintiffs have plainly confessed any state law tort claims they purported to bring. See Plaintiffs' Response, Doc. #33 at 12, where plaintiffs stated in their heading "The State Law Tort Claims are barred by the OGTCA."*

(D) Punitive damages claims

Defendants moved to dismiss plaintiffs' punitive damages claims against Officer Fulmer on the basis that punitive damages cannot be imposed against the state and that no claims are asserted against the officers in their individual capacities. However, the Supreme Court has held that punitive damages may be available in § 1983 suits against officers in their individual capacities. Smith v. Wade, 461 U.S. 30, 55 (1983). As a claim against Officer Fulmer in his individual capacity remains, and as defendants did not assert any other basis for dismissing the punitive damages request, that request will not be dismissed at this time.[7]

Conclusion

Defendants' motion to dismiss [Doc. #29] is **DENIED** as to the individual capacity § 1983 claim against Officer Fulmer and the related punitive damages request, but is otherwise **GRANTED**. The remaining claims against the moving defendants are **DISMISSED**. The dismissals of the claims against the University and OUPD officers in their official capacities are with prejudice. Defendants' motion to strike [Doc. #24] is **STRICKEN as MOOT**.

**IT IS SO ORDERED**.

Dated this 17th day of June, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[7]*A request for punitive damages is not actually a separate "claim" but is a type of relief requested incident to a claim.*